(24 Misc. Rep. 558.)

### In re MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. September, 1898.)

1. EMINENT DOMAIN—COMMISSIONERS OF ASSESSMENT—COMPENSATION—STATUTES.

Under Greater New York Charter (Laws 1897, c. 378) § 998, providing that commissioners of estimate and assessment on the opening of streets shall receive $6 per day as compensation, that sum should be allowed for time employed after the charter became effective, and not $10 per day, as fixed by the prior statute.

2. SAME—ADDITIONAL ALLOWANCE.

Greater New York Charter (Laws 1897, c. 378) § 998, allowing commissioners of estimate and assessment, on the opening of streets, an additional compensation in cases which are "unusually difficult or extraordinary," includes a proceeding to open a street where the hearings and sessions continued through 2½ years, and the attendances were over 400, and the separate parcels of land 257, embracing diverse classes of business and tenement property, with many difficult questions of law and fact involved, and where the establishment of different units of value was necessitated in making the awards, which amounted to over $1,000,000.

Application of commissioners of estimate and assessment on the widening of East 149th street, in the city of New York, for a taxation of costs and an additional allowance. Allowed in part.

John Walen, Corp. Counsel, for city of New York.
Arthur Berry, for commissioners.

COHEN, J. This is an application for the taxation of costs of the commissioners appointed herein, and for an additional allowance under the statute. The only question in dispute as to the costs to be taxed is the rate per day which shall be allowed the commissioners since January 1, 1898, when the new charter went into effect. Thereby the compensation is fixed at $6 per day. The commissioners claim $10 per day, the rate fixed by statute in force prior to that time. It seems to me that the per diem fee of $6 only should be allowed. The same question was so decided in a well-considered opinion by Mr. Justice Werner, in Re Wilkins Place (Sup.) 54 N. Y. Supp. 65. The conclusion there reached is approved. Granting of an additional allowance is expressly authorized by statute (section 998 of charter; Laws 1897, c. 378) in cases which are "unusually difficult or extraordinary." In accordance with the views expressed in Re Board of Street Opening and Improvement of New York, by the appellate division, First department, reported in 53 N. Y. Supp. 354, I think this is such a case. The commissioners took the oath of office in September, 1895, and the

public hearings and executive sessions continued down to March of the present year. The attendances were over 400. There were 257 distinct parcels. The aggregate amount of awards is $1,031,083.78. These proceedings apply to 149th street, from the Southern boulevard to the Harlem river. That street was first legally opened to a width of 60 feet from the Harlem river to St. Ann's avenue, and to a width of 75 feet from St. Ann's avenue to the Southern boulevard. By this proceeding, the street, within the limits indicated, was widened to 100 feet. The property considered was diverse, embracing water-front, business, factory, and tenement property, the number of improved parcels being 143. In addition to the foregoing characterization of the nature of the proceeding, it may be added that the street was so varied in character that different units of value had to be established in different blocks, and sometimes in the same block. The improvement was so far-reaching and important that the area of assessment (to the extent of 50 per cent.) was extended to every owner in the Twenty-Third ward. Some of the property was from 10 to 20 feet below grade, and in some of these instances damages had been claimed and awarded to the owners by the grade commissioners. Unusually difficult questions of law, as well as of fact, grew out of several claims for damage to leasehold property, owing to the fact that while the property vested in the city on the 30th of March, 1896, the possession thereof has not yet been assumed. Here the problem to be solved was the measure of damages, and the time from which they were to be reckoned as sustained by the lessee. The question of determining what apparatus or machinery was to be deemed personalty or realty also frequently confronted these commissioners. While these facts made an "extreme case," as required by statute and authority, the amount claimed by the commissioners as additional allowance seems to me excessive. Two thousand dollars to each of them seems to me to be reasonable and just.

Let an order be submitted embodying the above conclusions. Ordered accordingly.